IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TOEMAZ DEMOND BLUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:22CV285 |
| ) | 1:19CR407-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was charged in a Superseding Indictment [Doc. #11] with five counts related to drug dealing and the possession of firearms. Petitioner pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He subsequently received a sentence of 151 months of imprisonment based partly on the fact that he was deemed a career offender under the advisory United States Sentencing Guidelines. Petitioner pursued an unsuccessful direct appeal before filing two letters seeking an extension of time to file a Motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court treated the first of these letters as such a Motion [Doc. #43] and the second as a Motion [Doc. #44] seeking an extension of time. The undersigned recommended that the matter be dismissed without prejudice to Petitioner filing a proper motion under § 2255 using the correct forms and setting out his claims for relief. The Order and Recommendation [Doc. #45] was entered on September 14, 2021. Petitioner filed no objections to the Recommendation and a

1

Judgment [Doc. #47] dismissing the matter without prejudice was entered on December 10, 2021.

Petitioner later filed a Motion [Doc. #48] under § 2255 on the proper forms and setting out his claims for relief. It was dated as being signed by Petitioner on March 30, 2022, and was received by the Court on April 8, 2022. Petitioner also filed a Motion [Doc. #49] seeking to reopen the prior § 2255 action. In that Motion, he stated that he received the earlier Order and Recommendation sixty days late and that he could not file his § 2255 Motion in a timely manner due to prison lockdowns and other roadblocks caused by the then ongoing COVID-19 pandemic. The Court ordered the Government to respond to both Motions. The Government thereafter submitted a Motion to Dismiss [Doc. #55] based on the statute of limitations. Petitioner later filed a Response [Doc. #58] and the Parties' Motions are now before the Court.

Claims

Petitioner's Motion under § 2255 sets out four claims for relief. The first claim contends that Petitioner received ineffective assistance of counsel because his attorney failed to argue at sentencing that Petitioner's prior North Carolina drug convictions did not qualify as valid predicate offenses supporting his status as a career offender under the Guidelines. The second claim faults appellate counsel for also failing to raise this issue. The third claim raises further allegations of ineffective assistance by arguing that Petitioner's attorney failed to challenge the search of a safe by state authorities and failed to ensure that the sentencing judge used proper documents to determine that Petitioner's prior convictions were valid predicates for his career offender status. Finally, Petitioner's fourth claim contends that he received

2

ineffective assistance on appeal because his attorney did not argue that the sentencing judge erred by failing to consider proper documents when determining whether Petitioner's prior convictions qualified as career offender predicates.

## Discussion

The Government argues in its Motion to Dismiss that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). In considering this contention, the Court notes that the one-year limitation period begins to run from the latest of several potential starting dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Here, the mandate of the

Court of Appeals issued on Petitioner's appeal on October 16, 2020, and Petitioner's time to petition for certiorari expired 150 days later on March 15, 2021.[1]  Therefore, his year to file his § 2255 Motion expired on March 15, 2022.  Petitioner did not sign and file his current Motion until March 30, 2022, approximately two weeks after the expiration of the time to file.  Therefore, Petitioner's Motion is 15 days out of time under subsection (f)(1).  Only if another subsection gives Petitioner more time to file will his claims be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion.  Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review.  Petitioner does not claim to rely on such a right.  Therefore, § 2255(f)(3) does not render Petitioner's Motion timely.

Finally, Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.  Petitioner's claims in his Motion are based on facts that existed and were known to him at the time his appeal became final.  Therefore, this subsection also does not apply to render Petitioner's Motion timely.

---

[1] Due to Covid-19, in an order entered on March 19, 2020, the Supreme Court extended the time to file a petition for a writ of certiorari to 150 days for any petition due on or after the date of the order. See Miscellaneous Order, 334 F.R.D. 801, Order List: 589 U.S. (March 19, 2020). Petitioner received the benefit of this extended time to file.

Petitioner does not actually appear to dispute the above analysis. Instead, he attempts to avoid the impact of the statute of limitations in two ways. First, he filed a Motion seeking to have the Court reopen the earlier § 2255 action which was both opened and dismissed prior to the expiration of the statute of limitation. As set out above, Petitioner submitted two letters asking the Court for an extension of time in which to file his § 2255 Motion. The Court treated the first such letter as a Motion under § 2255 for administrative and screening purposes. However, it raised no claims for relief and did not even describe potential claims for relief. All such claims were first mentioned in Petitioner's current Motion under § 2255. Thus, if the Court reopened the prior Motion, Petitioner's current § 2255 Motion would have to be considered as an amendment to the earlier Motion, but the claims in the Amendment would only be timely if they relate back to claims raised in the original Motion. See Fed. R. Civ. P. 15(c); United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). However, as noted above, there were no claims in the original filing to relate back to. Therefore, it does not appear that reopening the prior action would affect the statute of limitations analysis.

Second, Petitioner contends that equitable tolling should apply to render his Motion timely. As to this request, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Here, Petitioner states in his § 2255 Motion that his Motion should be considered timely because of COVID-19 restrictions and delays and because he lives in a controlled environment that has been on continued

lockdown with little movement and no access to legal materials or a law library. (Motion, § 18.). Petitioner also submitted a Declaration attached to his Response stating that he received the Court's prior Order and Recommendation sixty days after it was signed, apparently due to COVID-related delays, that the § 2255 forms were not included with the Order and Recommendation, that he could not access legal materials during the COVID-19 lockdowns, that he made multiple requests to prison officials for the correct forms to file his § 2255 Motion, and that prison staff did not provide them. Petitioner also contends that a COVID-19 lockdown in his prison prevented him from filing, and that all of these circumstances warrant equitable tolling of the statute of limitations.

Having considered Petitioner's contentions, the Court notes that it is possible that Petitioner could present a sufficient basis for equitable tolling of 15 days, particularly in light of the COVID-19-related delays, limitations, and lockdowns at his facility. Resolution of this issue would require further proceedings to consider and address the specific delays and limitations faced by Petitioner during that time. However, the Court need not undertake that further inquiry here because even if Petitioner's claims were considered on the merits, they would plainly fail under initial consideration. See Rule 4(b), Rules Governing Section 2255 Proceedings. The Court sets out that reasoning here to allow Petitioner the opportunity to respond by filing any objections to this Recommendation.

All of Petitioner's claims involve allegations that he received ineffective assistance of counsel in some way. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v.

Washington, 466 U.S. 668 (1984). With respect to the performance prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). In considering such a contention, the Court reviews counsel's conduct with a "deferential eye" and "presume[s] that challenged acts are likely the result of a sound trial strategy." Id. With respect to the prejudice prong of Strickland, to show prejudice the petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation omitted).

Petitioner's first claim is that counsel did not challenge the use of two prior North Carolina drug convictions listed in Paragraphs 45 and 47 of the Presentence Report [Doc. #25] as predicate offenses supporting his status as a career offender under the Guidelines. Petitioner claims that those convictions should not count as predicates because they were obtained under North Carolina statutes that include attempt crimes with a broader range of conduct than is included in the Guidelines' definition of a "controlled substance offense" for a career offender predicate. The two convictions were for felony possession with intent to sell and deliver a Schedule II controlled substance in violation of N.C. Gen. Stat. § 90-95(a)(1). Petitioner is simply incorrect in his argument that the statute criminalizes attempt. It does not, and the Fourth Circuit has specifically held that this statute does satisfy the definition of "controlled substance offense" used by the Guidelines. United States v. Miller, 75 F. 4th 215, 230-31 (4th Cir. 2023). Petitioner's attorney did not perform deficiently or prejudice him by failing to raise a meritless argument. Therefore, this claim clearly fails. The same is true for

Petitioner's second claim for relief which faults counsel for not raising the same meritless issue on appeal.

Petitioner's third claim for relief asserts that his attorney failed him in two ways, the first of which is that he did not challenge an allegedly illegal search and seizure by state authorities that provided some of the evidence used in Petitioner's prosecution. Specifically, Petitioner contends that state authorities who were searching his residence pried open a safe without a separate warrant for the safe. Petitioner's claim ignores the fact that these authorities had a warrant to search his residence for evidence of drug dealing and found the safe while executing that warrant. (Factual Basis [Doc. #15] at 5-7.) Because drugs are often kept in small and/or locked locations, state authorities did not need a separate warrant to open the safe. See United States v. Church, 823 F.3d 351, 357 (6th Cir. 2016); United States v. Lengen, 245 F. App'x 426, 434 (6th Cir. 2007) (unpublished). The authorities also provided Petitioner an opportunity to give them the combination to the safe before they pried it open, but he stated that it did not have one. Therefore, he left them no option but to pry open the safe. Finally, the evidence located in the safe amounted to 9.75 grams of cocaine hydrochloride. (Presentence Report, ¶ 12.) Although this amount was used in calculating Petitioner's base offense level under the Guidelines, it did not ultimately affect that sentence due to Petitioner's status as a career offender. (Id., ¶¶ 20, 27.) In the end, Petitioner's attorney had no way to challenge the search of the safe or the drugs located in it and could not have prejudiced Petitioner in any event because the evidence in the safe did not affect Petitioner's sentence.

Petitioner's third claim also faults counsel for failing to ensure that the sentencing court used "Shepard documents" to determine whether or not his prior North Carolina convictions

8

were crimes of violence for purposes of the career offender enhancement.[2] This claim fails for two reasons. First, only two predicate offenses are needed for the career offender enhancement to apply, and Petitioner's prior controlled substance offenses alone satisfy that requirement. The other convictions are in that sense irrelevant. Second, Petitioner's prior North Carolina convictions for (1) felony assault with a deadly weapon with intent to kill and (2) felony assault by strangulation (id., ¶¶ 42, 49) categorically qualify as crimes of violence supporting a career offender enhancement. See United State v. Rice, 36 F.4th 578, 580-83 (4th Cir. 2022) (holding that North Carolina assault by strangulation is categorically a crime of violence under USSG § 4B1.2(a)(2)); United States v. Townsend, 886 F.3d 441, 445–47 (4th Cir. 2018) (holding that North Carolina assault with a deadly weapon with intent to kill inflicting serious injury is categorically a violent felony because it required proof of the additional element of a specific intent to kill); United States v. Simelton, 740 F. App'x 29 (4th Cir. 2018) (applying Townsend to find that North Carolina assault with a deadly weapon with intent to kill inflicting serious injury is categorically a crime of violence under the Guidelines).

---

[2] This is an apparent reference to the case of Shepard v. United States, 544 U.S. 13 (2005). As explained by the Fourth Circuit:

> When evaluating whether a defendant's prior state conviction meets this definition [for a crime of violence or a controlled substance offense], we use the categorical approach, under which we focus on the elements, rather than the facts, of the prior offense. Accordingly, we ask only whether the elements of the prior offense . . . correspond in substance to the elements of a controlled substance offense [or crime of violence] under the Guidelines. Some state statutes list elements in the alternative, thereby defining multiple offenses. For these divisible statutes, we use a modified categorical approach by which we examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction. This limited class of documents—often called Shepard documents—includes charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms, as well as comparable judicial record[s] of this information.

United States v. Boyd, 55 F.4th 272, 276-277 (4th Cir. 2022) (internal citations and quotations omitted). Thus, these Shepard documents are only examined for predicate offenses involving divisible statues that require analysis under the modified categorical approach.

Therefore, the sentencing judge did not need to consider any documents in order to determine the validity of these convictions as career offender predicates. Petitioner had at least four valid predicate offenses for the career offender enhancement, when only two are required, and Plaintiff's third claim for relief is clearly without merit. The same is true for Petitioner's fourth claim for relief which faults counsel for not raising the same meritless issue on appeal.

Thus, all of Petitioner's claims fail and can be denied on the merits even if they are considered timely based on equitable tolling. His Motion under § 2255 should be denied, and this action should be dismissed.

IT IS THEREFORE RECOMMENDED that Petitioner's current Motion [Doc. #48] to vacate, set aside, or correct sentence be denied and that this action be dismissed, that Respondent's Motion to Dismiss [Doc. #55] and Petitioner's Motion [Doc. #49] to reopen his prior § 2255 Motion be terminated as moot, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 26th day of July, 2024.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge